IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| ASPIRATION INNOVATION, INC., | Case No. _____ |
| *Plaintiff,* | |
| v. | DEMAND FOR JURY TRIAL |
| SUBARU CORPORATION; SUBARU OF AMERICA, INC., | |
| *Defendants.* | |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1.      Aspiration Innovation, Inc. ("AI" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against Subaru Corporation and Subaru of America, Inc. ("Subaru" and collectively, "Defendants"), alleging infringement of the following validly issued patent (the "Patent-in-Suit"): U.S. Patent No. 8,489,563, titled "Meta-configuration of profiles" (the '563 Patent) attached hereto as Exhibit A.

### NATURE OF THE ACTION

2.      This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

### PARTIES

3.      Plaintiff Aspiration Innovation, Inc. is a Colorado Corporation located at 3232 Grand Canyon Street, Fort Collins, CO 80525.

4.      On information and belief, Defendant Subaru Corporation is a Japanese multinational conglomerate with its principal place of business at Ebisu Subaru Bldg. 1-20-8,

Ebisu, Shibuya-ku, Tokyo 150-8554, Japan and may be served pursuant to the provisions of the Hague Service Convention.

5.      On information and belief, Defendant Subaru of America, Inc. is a New Jersey corporation with its principal place of business at Subaru Plaza, 2235 Route 70 West Cherry Hill, NJ 08002 and may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

<u>JURISDICTION AND VENUE</u>

6.      This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

7.      The Court has personal jurisdiction over Defendants for the following reasons: (1) Defendants are present within or has minimum contacts within the State of Texas and the Eastern District of Texas; (2) Defendants have purposefully availed itself of the privileges of conducting business in the State of Texas and in this district; (3) Defendants have sought protection and benefit from the laws of the State of Texas; (4) Defendants regularly conduct business within the State of Texas and within this district, and Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the State of Texas and in this district; and (5) Defendants have purposely availed itself of the privileges and benefits of the laws of the State of Texas.

8.      Defendants, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Eastern District of Texas including but not limited to the infringing products which contain the '563 Patent systems and methods as detailed below. Upon information and belief, Defendants

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

have committed patent infringement in the State of Texas and in this district; Defendants solicit and have solicited customers in the State of Texas and in this district; and Defendants have paying customers who are residents of the State of Texas and this district and who each use and have used the Defendants' products and services in the State of Texas and in this district.

9.      Venue is proper in the Eastern District of Texas over Subaru of America, Inc. pursuant to 28 U.S.C. §§ 1400(b). Defendant has a regular and established place of business in this district, has transacted business in this district, and has directly and/or indirectly committed acts of patent infringement in this district. For example, Subaru of America, Inc. has at least a regular and established place of business at 1555 Dallas Pkwy, Plano, TX 75093.

10.     Venue and personal jurisdiction are proper over Defendant Subaru Corporation pursuant to Federal Rules of Civil Procedure 4(k)(2).

<u>PATENT-IN-SUIT</u>

11.     Plaintiff incorporates the above paragraphs herein by reference.

12.     On July 16, 2013, United States Patent No. 8,489,563 titled "Meta-configuration of profiles" was duly and legally issued by the United States Patent and Trademark Office. The '563 Patent is presumed valid and enforceable.

13.     Plaintiff is the assignee of all right, title and interest in the '563 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '563 Patent.

14.     The '563 Patent relates to systems and methods for creating, applying, using and retrieving profiles with certain attributes stored in them and applying the selected profiles to the content. For example, for vehicles, profiles with driver preferences can be created with certain attributes stored in them and applied to various vehicles by loading a given profile in the built-in

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

vehicle software.

15.     The invention disclosed in the Patent-in-Suit resolves technical problems related to storing default profiles according to user's preference in a computer memory or other storage location which can be loaded by the user when desired. For example, the invention enables loading driver-preferred settings such as climate control, seat positions and settings, audio system settings and presets, engine performance settings, navigation system settings, mirror settings, and others which may be stored in a vehicle's computer memory or other storage location.

16.     The inventions disclosed in the Patent-in-Suit were not well-understood, routine, or conventional. At the time the '563 patent was filed, there existed various problems in how to store profile information separately from, or with, the content to which the profiles were being applied. *See* Ex. A, '563 Patent, 1:25-27. The inventions disclosed in the '563 patent addressed such problems by describing specific steps to retrieve a profile that has a plurality of attributes, load said profile from a profile repository at runtime, and apply the profile to selected content.

17.     Specifically, the patent includes an embodiment in which a user creates a profile for a vehicle based on driver preferences. The profile can store the entire environment, including climate control, seat positions and settings, audio system settings and presets, engine performance settings, and more. *See* '563 Patent, 30:48-55. A user is then able to re-create a desired environment in various vehicles, regardless of whether that vehicle has the same options available or is even of the same vehicle type. *See* '563 Patent, 30:48-55.

18.     The claims of the Patent-in-Suit do not merely recite the performance of a familiar business practice with a requirement to perform it on the Internet. Instead, the claims recite one or more inventive concepts that are rooted in improving the creation and application of user profiles with certain attributes stored in them across various environments.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

19.     Moreover, the inventions taught in the Patent-in-Suit cannot be performed with pen and paper or in the human mind.  One of ordinary skill in the art at the time of the patent would have understood that the inventions could not be performed with pen and paper. Using a pen and paper would be a practical impossibility running counter to the inventors' detailed description of the inventions and language of the claims. Additionally, because the Patent-in-Suit addresses problems rooted in improving the creation and application of user profiles with certain attributes stored in them across various environments, the solutions it teaches are not merely drawn to longstanding human activities.

INVENTOR OF THE PATENT-IN-SUIT

20.     Mr. Andrew Poulsen is the inventor of the '563 Patent and the president and CTO of Aspiration Innovation, Inc.  He is a technologist with extensive experience in mechanical engineering and CAD.  While at Aspiration Innovation, Inc. Mr. Poulsen developed an extensive portfolio of CAD-related productivity tools which offer intuitive interfaces without sacrificing functionality.

ACCUSED PRODUCTS

21.     Defendants make, use, offer for sale and sell in the U.S. products, systems, and/or services that infringe the Patent-in-Suit, including, but not limited to, the Subaru Outback and its STARLINK Multimedia system (the "Accused Products" or "Accused Instrumentality").

22.     The STARLINK Multimedia system allows drivers to create profiles which apply the current driver's preferred settings regardless of who operated the vehicle last.

COUNT I
(Infringement of U.S. Patent No. 8,489,563)

23.     Plaintiff incorporates the above paragraphs herein by reference.

5

24.     The '563 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on July 16, 2013. The '563 Patent is presumed valid and enforceable. *See* 35 U.S.C. § 282.

25.     Plaintiff is the owner by assignment of the '563 patent and possesses all rights of recovery under the '563 patent, including the exclusive right enforce the '563 patent and pursue lawsuits against infringers.

26.     Without a license or permission from Plaintiff, Defendants have infringed and continue to directly and indirectly infringe on one or more claims of the '563 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented inventions, including, without limitation, one or more of the patented '563 systems and methods, in violation of 35 U.S.C. § 271.

### Direct Infringement – 35 U.S.C. § 271(a)

27.     Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

28.     Without a license or permission from Plaintiff, Defendants have infringed and continue to directly infringe on one or more claims of the '563 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented '563 systems and methods, in violation of 35 U.S.C. § 271.

29.     Defendants have been and now are directly infringing by, among other things, practicing all of the steps of the '563 Patent, for example, through internal testing, quality assurance, research and development, and troubleshooting. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993); *see also* 35 U.S.C. § 271 (2006).

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

30.     By way of example, Defendants have infringed and continue to infringe at least one or more claims of the '563 Patent, including at least Claim 25. Attached hereto as Exhibit B is an exemplary claim chart detailing representative infringement of Claim 25 of the '563 Patent.

**Induced Infringement – 35 U.S.C. § 271(b)**

31.     Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

32.     Defendants have been and now are indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '563 Patent in the State of Texas, in this judicial District, and elsewhere in the United States, by, among other things, making, using, offering for sale, and/or selling, without license or authority, products incorporating the accused technology. End users include, for example, Defendants' customers and other third parties interacting with the accused technology.

33.     Defendants had pre-suit knowledge of the Patent-in-Suit as early as March 24, 2021 when they received a letter from Plaintiff notifying Defendants of Defendants' infringement. Defendants had post-suit knowledge when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

34.     Defendants knew the Accused Products infringe the '563 Patent and yet Defendants induced and continue to induce others, including partners, customers, and third parties, to directly infringe at least one claim of the '563 Patent under 35 U.S.C. § 271(b). Defendants took active steps to induce infringement, such as advertising an infringing use, which

supports a finding of an intention. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005) ("[I]t may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

35.     For example, Defendants induced users to use the STARLINK Multimedia system, actively prompting infringement by advertising and instructing users to create driver profiles according to their preference. *See*, *e.g.*, Ex. C[1] (advertising the STARLINK Multimedia system and the included Subaru DriverFocus Distraction Mitigation system, which allows drivers to use driver profiles to create a desired environment via a profile unique to a given driver); Ex. D[2] (providing users detailed instructions as to how to create a driver profile so that a given driver will always have their specific preferences used); and Ex. E[3] (illustrating how to set up a driver profile using the Outback's display). These resources both advertise and provide detailed directions on how to implement the infringing technology.

36.     The allegations herein support a finding that Defendants induced infringement of the '563 Patent. *See Power Integrations v. Fairchild Semiconductor*, 843 F.3d 1315, 1335 (Fed. Cir. 2016) ("[W]e have affirmed induced infringement verdicts based on circumstantial evidence of inducement [e.g., advertisements, user manuals] directed to a class of direct infringers [e.g., customers, end users] without requiring hard proof that any individual third-party direct infringer was actually persuaded to infringe by that material.").

**Contributory Infringement – 35 U.S.C. § 271(c)**

---

[1] Available at https://www.subaru.com/vehicles/outback/features.html.
[2] Available at https://techinfo.subaru.com/stis/doc/ownerManual/MSA5B2104A_STIS_2nd.pdf.
[3] Available at https://cdn.subarunet.com/stis/doc/ownerManual/3906362_2020_Outback_GSG_1st-opt.pdf.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

37.     Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

38.     Defendants contributorily infringe the Patent-in-Suit.

39.     Defendants had pre-suit knowledge of the Patent-in-Suit as early as March 24, 2021 when they received a letter from Plaintiff notifying Defendants of Defendants' infringement. Defendants had post-suit knowledge when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

40.     On information and belief, Defendants' implementation of the accused functionality has no substantial non-infringing uses. *See, e.g., Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321 (Fed. Cir. 2009) (holding that the "substantial non-infringing use" element of a contributory infringement claim applies to an infringing feature or component, and that an "infringing feature" of a product does not escape liability simply because the product as a whole has other non-infringing uses). The Accused Products do not allow one to disable the infringing technology when used.

**Willful Infringement**

41.     Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

42.     Defendants had pre-suit knowledge of the Patent-in-Suit as early as March 24, 2021 when they received a letter from Plaintiff notifying Defendants of Defendants' infringement. Defendants had post-suit knowledge when this suit was filed. *See EON Corp. IP Holdings, LLC v.*

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

*Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

43. Despite their knowledge of the '563 Patent, Defendants have sold and continue to sell the Accused Products in egregious disregard of Plaintiff's patent rights. Defendants have acted recklessly and continue to willfully, wantonly, and deliberately engage in acts of infringement of the '563 Patent, justifying an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

### Plaintiff Suffered Damages

44. Defendants' infringement of the '563 Patent has caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendants the damages sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. Defendants' infringement of Plaintiff's exclusive rights under the '563 Patent will continue to damage Plaintiff, causing him irreparable harm for which there is no adequate remedy at law, warranting an injunction from the Court.

### REQUEST FOR RELIEF

45. Plaintiff incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:

(a) enter a declaration that Defendants have directly infringed, contributorily infringed, and/or induced infringement of one or more claims of the '563 Patent;

(b) enter a judgment awarding Plaintiff all damages adequate to compensate him for Defendants' infringement of, direct or contributory, or inducement to infringe, the

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(c)     enter a judgment awarding treble damages pursuant to 35 U.S.C. § 284 for Defendants' willful infringement of the '563 Patent;

(d)     issue a preliminary injunction and thereafter a permanent injunction enjoining and restraining Defendants, their directors, officers, agents, servants, employees, and those acting in privity or in concert with them, and their subsidiaries, divisions, successors, and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the '563 Patent;

(e)     enter a judgment requiring Defendants to pay the costs of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. § 285, together with prejudgment interest; and

(f)     award Plaintiff all other relief that the Court may deem just and proper.


Dated: March 11, 2022                          Respectfully submitted,


                                               /s/ Kirk J. Anderson
                                               Kirk. J. Anderson (CA SBN 289043)
                                               kanderson@budolaw.com
                                               BUDO LAW, P.C.
                                               5610 Ward Rd., Suite #300
                                               Arvada, CO 80002
                                               (720) 225-9440 (Phone)
                                               (720) 225-9331 (Fax)

                                               M. GRANT MCARTHUR (CA SBN 321959)
                                               gmcarthur@budolaw.com
                                               (Pro Hac Vice forthcoming)
                                               Budo Law, P.C.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

5610 Ward Rd., Suite #300
Arvada, CO 80002
(720) 225-9440 (Phone)
(720) 225-9331 (Fax)

*Attorney(s) for Plaintiff Aspiration Innovation, Inc.*

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL